502 So.2d 1221 (1987)
STATE of Florida, Appellant,
v.
Henry Perry SIRECI, Appellee.
Henry Perry SIRECI, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., et al., Respondents.
No. 69386, 69380.
Supreme Court of Florida.
January 5, 1987.
Rehearing Denied March 18, 1987.
*1222 Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant/respondents.
Larry Helm Spalding, Capital Collateral Representative and Michael A. Mello, Asst. Capital Collateral Representative, Tallahassee, for appellee/petitioner.
*1223 ADKINS, Justice.
On September 19, 1986, the governor signed a death warrant for Henry Perry Sireci. This Court has previously affirmed Sireci's conviction for first-degree murder and sentence of death, Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982), and the denial of a prior motion for post-conviction relief. Sireci v. State, 469 So.2d 119 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 3308, 92 L.Ed.2d 721 (1986). We have before us the state's appeal from the circuit court's order granting Sireci's request for an evidentiary hearing and application for stay of execution. The evidentiary hearing was requested in a second motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We also have before us a petition for writ of habeas corpus filed by Sireci.
At the outset, Sireci alleges that the state is precluded from appealing an order which mandates an evidentiary hearing and enters a stay of execution. As a result, Sireci contends, this Court lacks jurisdiction over the instant appeal. This issue has already been decided adversely to Sireci in State v. White, 470 So.2d 1377 (Fla. 1985), upon which we now rely. See also State v. Henry, 456 So.2d 466 (Fla. 1984); State v. Washington, 453 So.2d 389 (Fla. 1984). In White, we held that the state may appeal from an adverse judgment in a 3.850 proceeding. We noted that the right to appeal was found within the express terms of rule 3.850 which provides that "[a]n appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus." 470 So.2d at 1378. The state may appeal an adverse final judgment on an application for writ of habeas corpus. Fla.R.App.P. 9.140(c)(1)(F). Thus, by the terms of rule 3.850, the state may appeal from an adverse judgment in a rule 3.850 proceeding.
An appeal from a motion for post-conviction relief must be taken to the appellate court that has jurisdiction over the appeal from the underlying conviction and sentence. See White; Roy v. Wainwright, 151 So.2d 825 (Fla. 1963). Therefore, this Court has jurisdiction to entertain the state's appeal because this Court possesses, and has indeed exercised, jurisdiction over Sireci's appeal of his conviction for first-degree murder and sentence of death. Thus we have jurisdiction over the current appeal pursuant to article V, section 3(b)(1) of the Florida Constitution. We also have jurisdiction to entertain Sireci's petition for writ of habeas corpus. Art. V, § 3(b)(9), Fla. Const. We affirm the trial court's order mandating a limited evidentiary hearing and refuse to vacate the stay of execution.
The trial court held that a limited evidentiary hearing is necessary to address the claim that Sireci was deprived of his rights to due process and equal protection because the two psychiatrists appointed before trial to evaluate his sanity at the time of the offense failed to conduct competent and appropriate evaluations. The trial court further held that the hearing is necessary solely to determine the effects, if any, this claim may have had on the sentencing hearing. The court specifically found, and we agree, that the alleged violation of due process/equal protection has no bearing on the prior determination of Sireci's guilt. The trial court was also correct in concluding that Sireci's alternative claim, that he was deprived of his right to effective assistance of counsel because counsel failed to challenge the professional competence of the pretrial evaluations conducted by the two court-appointed psychiatrists, is not worthy of an evidentiary hearing. Counsel cannot be deemed ineffective under the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), simply because he relied on what may have been less than complete pretrial psychiatric evaluations. Lastly, the trial court was correct in rejecting Sireci's claim that the trial judge and prosecutor impermissibly diminished the jury's sense of responsibility for sentencing by explaining to the jury that the final decision as to what punishment shall be *1224 imposed rests with the judge. Sireci failed to object to the comments at trial or contest their impropriety upon direct appeal. Failure to do so constitutes waiver. Middleton v. State, 465 So.2d 1218, 1226 (Fla. 1985).
The state asserts that the petition under review, Sireci's second motion for post-conviction relief, must be denied because it constitutes an abusive successive motion. In Christopher v. State, 489 So.2d 22 (Fla. 1986), we held a successive motion may be summarily denied "unless the movant alleges that the asserted grounds were not known and could not have been known to the movant at the time the initial motion was filed." 489 So.2d at 24. Sireci made the proper allegations, and, given the unique facts of this case, we affirm that portion of the trial court's order holding that Sireci's claim regarding incompetent psychiatric evaluations is cognizable under a successive motion for post-conviction relief.
Sireci was examined by a psychiatrist during the pendency of the appeal from his first 3.850 motion. Sireci alleges that, unlike the evaluation of the original two psychiatrists, the third evaluation took into account past medical history. In addition to faulting the procedures used by the original two psychiatrists, the third psychiatrist reached a vastly different conclusion. The third psychiatrist concluded that Sireci suffered from a form of organic brain damage and paranoid psychosis.
The facts giving rise to the claim herein first became known to Sireci during the pendency of the appeal from the denial of the initial 3.850 motion. As soon as the facts were available, Sireci moved the Supreme Court to relinquish jurisdiction of his case to the circuit court in order to allow the facts and any claim derived from them to be ruled upon in the circuit court. This Court denied Sireci's motion. As Sireci points out, a denial of a request to relinquish jurisdiction to the trial court is not a ruling on the merits. State v. Meneses, 392 So.2d 905 (Fla. 1981).
The diligence of counsel in attempting to present the instant claim in the initial 3.850 proceeding, as soon as the factual basis became available, mitigates against our disturbing the trial court's order finding that the instant motion is not abusive.
We must warn that a subsequent finding of organic brain damage does not necessarily warrant a new sentencing hearing. James v. State, 489 So.2d 737 (Fla. 1986). However, a new sentencing hearing is mandated in cases which entail psychiatric examinations so grossly insufficient that they ignore clear indications of either mental retardation or organic brain damage. Mason v. State, 489 So.2d 734 (Fla. 1986).
Sireci is procedurally barred from alleging the only claim raised in his petition for writ of habeas corpus. The allegation that the death penalty is imposed in a racially discriminatory manner must be raised in a motion for post-conviction relief as opposed to a petition for writ of habeas corpus. Stewart v. Wainwright, 494 So.2d 489 (Fla. 1986); Hardwick v. Wainwright, 496 So.2d 796 (Fla. 1986). Further, we have already rejected the identical claim raised by Sireci on his initial motion for post-conviction relief. 469 So.2d at 120. Moreover, Sireci would be procedurally barred from raising this issue in a subsequent 3.850 motion. Stewart v. State, 495 So.2d 164 (Fla. 1986).
Accordingly, we affirm the trial court's order mandating a limited evidentiary hearing, deny the state's request to vacate the stay of execution, and deny Sireci's petition for writ of habeas corpus.
It is so ordered.
OVERTON and SHAW, JJ., concur.
BARKETT, J., concurs specially with opinion.
BOYD and EHRLICH, JJ., concur as to the habeas corpus and dissent as to the 3.850.
McDONALD, C.J., dissents.
*1225 BARKETT, Justice, concurring specially.
I join with the majority except for its holding that the state has the right to appeal from an order granting an evidentiary hearing under Rule 3.850. Such an order can hardly be characterized as an "adverse judgment" or a "final judgment on application for writ of habeas corpus." I reiterate my position as expressed in my dissent in State v. Zeigler, 494 So.2d 957 (Fla. 1986).