536 So.2d 231 (1988)
STATE of Florida, Appellant/Cross-Appellee,
v.
Henry Perry SIRECI, Appellee/Cross-Appellant.
No. 70937.
Supreme Court of Florida.
December 22, 1988.
*232 Robert A. Butterworth, Atty. Gen., and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant/cross-appellee.
Mark E. Olive, Tallahassee, and Richard H. Burr, III, New York City, for appellee/cross-appellant.
PER CURIAM.
The state appeals from an order granting Henry Perry Sireci a new death penalty sentencing hearing. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
Sireci was convicted of and sentenced to death for the first-degree murder of Howard Poteet, the owner of a used car lot. Sireci went to the car lot to take some keys to a car so he could come back later and steal it. A struggle ensued, and Poteet was killed by fifty-five massive stab wounds. This Court affirmed Sireci's conviction and sentence in Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). After the governor signed his death warrant, Sireci filed a motion under Florida Rule of Criminal Procedure 3.850, alleging that his two court-appointed psychiatrists, Drs. Herrera and Kirkland, failed to conduct competent and adequate pretrial evaluations of his sanity. Specifically, Sireci alleged that the two psychiatrists failed to diagnose that he suffered from organic brain syndrome caused by a car accident in which he was left semiconscious for a two-week period and with right side facial paralysis. The trial court granted Sireci's request for an evidentiary hearing with respect to the propriety of his sentencing. In affirming the order, this Court said:
We must warn that a subsequent finding of organic brain damage does not necessarily warrant a new sentencing hearing. James v. State, 489 So.2d 737 (Fla. 1986). However, a new sentencing hearing is mandated in cases which entail psychiatric examinations so grossly insufficient that they ignore clear indications of either mental retardation or organic brain damage. Mason v. State, 489 So.2d 734 (Fla. 1986).
State v. Sireci, 502 So.2d 1221, 1224 (Fla. 1987).
After holding the evidentiary hearing, the trial court ordered that a new sentencing hearing be conducted, predicated upon the following findings:
The court through a series of hearings has heard and considered the testimony of Drs. Herrera and Kirkland, four experts on behalf of the defense and one expert on behalf of the state.

*233 The uncontroverted testimony of the defense experts establishes that the defendant at this time suffers from an organic brain disorder. The defense experts further testified that if this brain disorder was present at the time the defendant murdered Henry Poteet he would have been under the influence of extreme mental or emotional disturbance and suffered from a substantial impairment of capacity to appreciate or conform his conduct to the requirement of law.
The only evidence presented in mitigation at the penalty phase of the trial on these points was Dr. Kirkland's conclusion that the defendant was under extreme mental or emotional disturbance at the time of the offense. Dr. Kirkland's conclusion was challenged by Dr. Herrera's testimony.
Defense experts testified that in their opinion:
1. An appropriate psychiatric examination prior to the trial would have disclosed the defendant had been involved in an auto accident at age sixteen (over 10 years prior to trial) which resulted in defendant being in and out of a coma for a period of approximately two weeks.
2. That, based on hospital records, defendant suffered right side facial paralysis as a result of the auto accident and the paralysis existed and should have been observed during the pre-trial psychiatric examination.
3. That the history of coma and the existence of right side facial paralysis would require additional tests to determine if the defendant suffered from organic brain damage.
Both Drs. Herrera and Dr. Kirkland testified that had they noticed right side facial paralysis during their examination of the defendant they would have noted in their records but no such indication appears in their records and they have no independent recollection of paralysis existing.
Both testified that the defendant's facial paralysis observed during this hearing would cause them to order additional tests to determine if the defendant suffered from an organic brain disorder.
These additional tests were not ordered at the time of the defendant's pre-trial examination although such tests were available.
Dr. Herrera testified that his second examination of the defendant disclosed the defendant had been in a coma for approximately two weeks as a result of an auto accident at age sixteen but he did not order any additional tests as a result of this information.
Dr. Seymour Pollack testified on behalf of the State that if the history of coma was known to a psychiatrist during the pre-trial examination additional tests should have been ordered to determine if the defendant suffered from an organic brain disorder.
The Court finds there is substantial evidence that the Defendant's organic brain disorder existed at the time the defendant murdered Henry Poteet. That circumstances existed at the time of the defendant's pre-trial examination by the Court appointed psychiatrists which required, under reasonable medical standards at the time, additional testing to determine the existence of organic brain damage.
The failure of the Court appointed psychiatrist to discover these circumstances and to order additional testing based on the circumstances known deprived the defendant of due process by denying him the opportunity through an appropriate psychiatric examination to develop factors in mitigation of the imposition of the death penalty.
Essentially, the state argues that Sireci's original psychiatric examinations were adequate. We acknowledge that there is evidence in the record which would justify this conclusion. On the other hand, there is also competent substantial evidence to support the trial court's findings. This is a classic illustration of a case in which the appellate court should not substitute its judgment for that of the trial judge who has personally heard the pertinent testimony.
*234 On cross-appeal, Sireci contends that he should have been granted a new trial in addition to a new sentencing hearing. We disagree. Sireci previously raised this claim when we approved the evidentiary hearing directed to his sentencing. At that time, we stated that "the alleged violation of due process/equal protection has no bearing on the prior determination of Sireci's guilt." State v. Sireci, 502 So.2d at 1223. Moreover, the order now under review also contains the following finding which is amply supported by the evidence:
No testimony presented indicated the defendant was insane at the time of the offense or incompetent to stand trial. The defendant's conviction of first degree murder is not disturbed.
We affirm the circuit court's order in all respects.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents.