556 So.2d 1385 (1990)
Clarence Edward HILL, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Clarence Edward Hill, Appellant,
v.
State of Florida, Appellee.
Nos. 75149, 75332.
Supreme Court of Florida.
January 26, 1990.
*1386 Larry Helm Spalding, Capital Collateral Representative, Thomas H. Dunn, Staff Atty., and Jerome H. Nickerson and Judith J. Dougherty, Asst. Capital Collateral Representatives, Office of the Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondent/appellee.
PER CURIAM.
Clarence Edward Hill appeals the trial court's denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, petitions this Court for a writ of habeas corpus, and seeks a stay of his scheduled execution. We have jurisdiction. Art. V, § 3(b)(1) & (9), Fla. Const. We deny relief and vacate the temporary stay, which we previously entered, effective January 29, 1990, at 7:00 a.m.
This is the third time this matter has been before this Court. On October 19, 1982, Clarence Hill and his accomplice, Cliff Jackson, stole a pistol and an automobile in Mobile, Alabama, which they later used to rob a savings and loan association in Pensacola. During the robbery, the police arrived, and Hill and Jackson fled the savings and loan building from different exits. The police immediately apprehended Jackson, who had exited through the front door. Hill, who had fled out the back door, approached two officers from behind as they attempted to handcuff Jackson. Hill shot the officers, killing one and wounding the other. Hill was convicted of first-degree murder, attempted first-degree murder, three counts of armed robbery, and possession of a firearm during the commission of a felony. The trial court sentenced Hill to death for the first-degree murder conviction and to consecutive life sentences for the attempted murder and robbery convictions. On appeal, we affirmed all of Hill's convictions and sentences with the exception of the death sentence. We remanded the cause for a new sentencing hearing before a new jury because of error in the jury selection process. Hill v. State, 477 So.2d 553 (Fla. 1985).
In the resentencing proceeding, a second jury recommended the death sentence by an eleven-to-one vote. The trial court reimposed the death sentence, finding five aggravating circumstances and one mitigating circumstance. We affirmed the resentence, *1387 finding that four of the five aggravating circumstances were proven beyond a reasonable doubt and concluding that consideration of the erroneous aggravating circumstance, that the murder was committed in a cold, calculated, and premeditated manner, could not possibly have compromised the weighing process of either the jury or the judge. Hill v. State, 515 So.2d 176 (Fla. 1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988).
Hill timely filed a motion for rule 3.850 relief on the following grounds: (1) the prosecutor peremptorily excused black prospective jurors solely based upon their race, in violation of the sixth, eighth, and fourteenth amendments to the United States Constitution and article one, section 16, of the Florida Constitution, and appellate counsel was ineffective in not arguing this issue on direct appeal; (2) the trial court erred when it responded to questions from the jury and refused to disclose to Hill and his counsel the questions asked, in violation of Hill's fifth, sixth, eighth, and fourteenth amendment rights; (3) Hill's capital trial and sentencing proceedings were rendered fundamentally unfair and unreliable, and violated the fifth, sixth, eighth, and fourteenth amendments, due to the prosecution's deliberate and knowing presentation and use of false evidence and arguments and its intentional deception of the jury, the court, and defense counsel; (4) Hill was denied the effective assistance of counsel at the guilt-innocence phase of his trial, in violation of the sixth, eighth, and fourteenth amendments; (5) Hill was denied the effective assistance of counsel at the sentencing phase of his trial, in violation of the sixth, eighth, and fourteenth amendments; (6) Hill's sixth, eighth, and fourteenth amendment rights were violated because counsel unreasonably failed to present critical mitigating evidence and failed to adequately develop and employ expert mental health assistance, and because the experts retained at the time of trial failed to conduct professionally adequate mental health evaluations; (7) the cold, calculated, and premeditated aggravating circumstance was applied to Hill's case, in violation of the eighth and fourteenth amendments; (8) this Court's failure to remand for resentencing after striking an aggravating circumstance on direct appeal denied Hill the protections afforded under Florida's capital sentencing statute, in violation of due process, equal protection, and the eighth and fourteenth amendments; (9) Hill was denied his eighth and fourteenth amendment rights because the jury was not properly instructed concerning the improper doubling of aggravating factors; (10) Hill's death sentence was imposed in violation of the eighth and fourteenth amendments because his jury was prevented from giving appropriate consideration to, and his trial judge refused to consider, all evidence proffered in mitigation of punishment, contrary to Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988); and Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); (11) during the course of Hill's trial the court improperly stated that sympathy and mercy toward Hill were improper considerations, in violation of the eighth and fourteenth amendments; (12) Hill's sentence of death was based upon an unconstitutionally obtained prior conviction and therefore upon misinformation of constitutional magnitude, in violation of the eighth and fourteenth amendments; (13) Hill's jury was improperly instructed, resulting in fundamentally unfair convictions and sentences, in violation of the fifth, eighth, and fourteenth amendments; (14) Hill's sentence of death violates the fifth, sixth, eighth, and fourteenth amendments because the penalty phase jury instructions shifted the burden to Hill to prove that death was inappropriate and because the sentencing judge himself employed this improper standard in sentencing Hill to death; and (15) the application of rule 3.851 to Hill's case will violate, and the present warrant has violated, his rights to due process and equal protection of the law and denied him his right of reasonable access to the courts.
The trial court denied relief on claims (1), (2), (3), (7), (8), (9), (10), (11), (12), (13), and (14) on grounds that they were procedurally *1388 barred and could have been or should have been raised on direct appeal.
With regard to claims (4), (5), and (6), Hill contended below that his trial counsel failed to investigate and present evidence of Hill's mental condition and drug intoxication, causing an ineffective presentation by his mental health expert, which resulted in his inability to present three substantial mitigating factors, specifically: (a) that Hill was under extreme mental duress at the time of the offense; (b) that he lacked the substantial capacity to conform his conduct to the requirements of law at the time of the offense; and (c) that at the time of the offense he was under the substantial domination of his codefendant, Clifford Jackson.
First, to support these allegations, in his rule 3.850 motion Hill proffered affidavits from additional family members and acquaintances, giving information concerning his family background and drug use. We note that at the second sentencing four family members testified on Hill's behalf. Second, Hill proffered reports from two new mental health professionals who stated that they would have testified that Hill's conduct in this incident was the result of cocaine ingestion, his below average intelligence, and Jackson's domination. Third, Hill asserts that his expert witness at his sentencing proceeding would now testify that he did not have sufficient information concerning Hill's history of substance abuse and intoxication at the time of the offense and that, given Hill's borderline intelligence and those two factors, he would now testify that Hill suffered from extreme mental disturbance at the time of the offense and that his poor mental ability impaired his judgment sufficiently to impair his capacity to appreciate the criminality of his conduct and to conform his conduct to the requirements of law. Finally, Hill's former trial counsel submitted an affidavit, appended to Hill's motion for rehearing before the trial court, setting forth matters that he failed to do, particularly, failing to adequately investigate Hill's background and family history and failing to obtain an independent expert on blood testing.
At the hearing on the rule 3.850 motion, the trial judge found that defense counsel's "record of conduct and performance did not fail or fall below any adequate, effective representation of his client which operated to his client's detriment," and he denied the request for an evidentiary hearing on the three ineffective-assistance-of-counsel claims. In his written order, the judge also summarily denied relief on claim (15), citing our decision in Cave v. State, 529 So.2d 293 (Fla. 1988). The trial judge also denied, without comment, Hill's motion for rehearing that was supplemented by trial counsel's affidavit.
Counsel for Hill, in his arguments concerning Hill's mental state, relies largely on State v. Sireci, 502 So.2d 1221 (Fla. 1987), and State v. Sireci, 536 So.2d 231 (Fla. 1988). In those decisions, we first affirmed the trial court's determination to have an evidentiary hearing where it was discovered that two court-appointed mental health professionals were unaware that Sireci had previously suffered a severe concussion sufficient to put him in a semicoma for two weeks. Second, we affirmed the trial judge who, after conducting an evidentiary hearing, determined that a new sentencing proceeding was required, and we stated:
Essentially, the state argues that Sireci's original psychiatric examinations were adequate. We acknowledge that there is evidence in the record which would justify this conclusion. On the other hand, there is also competent substantial evidence to support the trial court's findings. This is a classic illustration of a case in which the appellate court should not substitute its judgment for that of the trial judge who has personally heard the pertinent testimony.
536 So.2d at 233. In the instant case, the omission of the asserted information, which might have been helpful to the mental health professional, does not, in our view, rise to the level of the objectively established head injury in Sireci. Further, we find that the only evidence in this record to show that Hill was intoxicated by drug use at the time of this incident was his own *1389 testimony at trial. There was evidence of prior drug use presented to the jury, but there is no allegation that any additional evidence is available to show that Hill was under the influence of drugs at the time of this incident. In our view, the evidence proffered is nothing more than cumulative to the evidence already presented to the jury.
We find the trial court properly concluded that there was no valid claim of ineffective assistance of counsel under the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to justify an evidentiary hearing in this cause. In Strickland, the United States Supreme Court stated:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
Id. at 687, 104 S.Ct. at 2064. Accepting as true the alleged failures set forth by trial counsel in his affidavit, we find none of them "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Further, we find that none of counsel's asserted failures were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Accordingly, we find that the trial court correctly denied all rule 3.850 relief.
Hill also seeks habeas corpus relief in this Court on the identical grounds contained in the rule 3.850 motion and on the claim that appellate counsel was ineffective for failing to raise on appeal the alleged improper peremptory excusal by the state of black prospective jurors, pursuant to our decision in State v. Neil, 457 So.2d 481 (Fla. 1984), and the United States Supreme Court's decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Given the state of the law on the Neil issue at the time of this appeal, as well as the record in this case on the inquiry and reasons given by the prosecution for the excusal of the prospective jurors, we find that appellate counsel was not ineffective under the Strickland test. Accordingly, we deny petitioner's request for habeas corpus relief.
We vacate our temporary stay, effective January 29, 1990, at 7:00 a.m.
It is so ordered.
No petition for rehearing will be entertained.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion.
BARKETT, J., did not participate in this case.
KOGAN, Justice, concurring in part and dissenting in part.
I concur in all matters except the trial court's denial of an evidentiary hearing on the claim of ineffective assistance of counsel. The attorney who represented the defendant during the penalty phase has filed an affidavit acknowledging he was ineffective at trial. Indeed, the attorney stated that he had failed to properly challenge state expert witnesses, failed to use effective investigation techniques, failed to properly develop mitigating evidence, failed to properly inform mental health experts that Hill had suffered child abuse and deprivation, and failed to properly investigate Hill's background. The attorney stated on several occasions that he had no strategic reason for these omissions. Accordingly, I must conclude that a hearing is constitutionally required.