DENNIS, Judge,
assigning reasons for ordering an evidentiary hearing.
In my opinion, it cannot be determined from this record whether Prejean was denied competent psychiatric assistance. For that reason, the ease should be remanded to the district court to take evidence on this issue. The trial court’s ruling that this claim is repetitious, or has been raised before, is incorrect. In a previous application, the relator argued that the defense attorney was ineffective because, although he was given access to a psychologist, he did not attempt to prepare the expert to effectively present mitigating evidence. In the present application, the relator for the first time makes a substantial showing, with affidavits from other psychologists, that the psychologist provided by the state did not function as a competent expert because he did not determine Prejean’s history, conduct sufficient tests, or recognize and follow up on signs of his brain damage; and that because of his incompetent performance the jury was not made aware of Prejean’s brain damage and its effect upon his mental capacity at the time of the homicide. Because the claim is based on recent decisions and a newly emerging constitutional right, Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); Harris v. Vasquez, 901 F.2d 724 (9th Cir.1990); State v. Sired, 536 So.2d 231 (Fla.1988) and the psychiatric evidence now proffered by relator appears genuinely to be newly discovered, this application does not appear to be an abuse of the writ. Moreover, the newly discovered evidence places in bolder relief the ineffective assistance of counsel claim that was denied last year without an evidentiary hearing. (Insofar as I have been able to determine, Prejean has not had an evidentiary hearing on any claim other than the Batson discriminatory challenge contention.) It is now clear that the combination of omissions by the defense attorney and the psychologist deprived the jury of important information in evaluating Prejean’s mental capacity at the time of the crime.
SHORTESS, Judge,
assigning reasons.
The State’s response suggests that defense counsel’s omissions were deliberate *448 trial tactics. In my opinion, a hearing is needed, so I would order an evidentiary hearing. A fact finder should determine whether the combination of omissions from defense counsel and defense psychologist prevented the jury in the sentencing phase from having the benefit of all mitigating evidence.