643 So.2d 1071 (1994)
Clarence Edward HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 68706.
Supreme Court of Florida.
October 13, 1994.
Rehearing Denied January 5, 1995.
*1072 Michael J. Minerva, Capital Collateral Representative, and Stephen M. Kissinger and Gail E. Anderson, Asst. Capital Collateral Representatives, Office of Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this action, Clarence Edward Hill seeks reconsideration of his direct appeal after resentencing as a result of the partial grant of his habeas corpus petition in United States District Court. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons expressed, we again affirm the sentence of death he received for the first-degree murder of a police officer.
In 1983, Clarence Hill was convicted of first-degree murder and sentenced to death for the killing of a police officer during a bank robbery. The facts of that murder were set forth as follows in Hill v. State, 477 So.2d 553, 554 (Fla. 1985) (Hill I):
On October 19, 1982, [Hill] stole a pistol and an automobile in Mobile, Alabama. Later that day, [Hill] and his accomplice, Cliff Jackson, drove to Pensacola and robbed a savings and loan association at gunpoint. When the police arrived during the robbery, [Hill] fled out the back of the savings and loan building. Jackson exited through the front door, where he was apprehended immediately. [Hill] approached two police officers from behind as they attempted to handcuff Jackson. Testimony established that [Hill] drew his pistol and shot the officers, killing one and wounding the other. A gun battle ensued, during which [Hill] received five bullet wounds.
This Court affirmed Hill's conviction in Hill I, but ordered a new penalty phase proceeding due to an error that occurred during the jury selection process. At the resentencing proceeding, Hill was again sentenced to death. In following the jury's eleven-to-one recommendation of death, the trial judge found one statutory mitigating factor (that Hill was twenty-three at the time he committed the murder) and found five aggravating circumstances: (1) Hill had a previous conviction of a violent felony; (2) he knowingly created a great risk of harm or death to many persons in committing the murder; (3) the murder was committed while he was engaged in the commission of a robbery; (4) the murder was committed for the purpose of avoiding a lawful arrest or escaping from custody; and (5) the murder was cold, calculated, and premeditated. Even though in Hill v. State, 515 So.2d 176 (Fla. 1987) (Hill II), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988), this Court found that the record did not support a finding that the murder was cold, calculated, and premeditated, this Court affirmed Hill's sentence of death. In making that determination, we stated:
Given [the] four remaining aggravating circumstances, and the one mitigating circumstance, we find the erroneous consideration of the aggravating circumstance that the murder was committed in a cold, calculated, and premeditated manner is not such a change under the circumstances of this sentencing proceeding that its elimination could possibly compromise the weighing process of either the jury or the judge.
Id. at 179. Subsequently, in Hill v. Dugger, 556 So.2d 1385 (Fla. 1990) (Hill III), this Court denied Hill's motion for post-conviction relief and petition for habeas corpus. Hill then filed a habeas petition in the United States District Court for the Northern District of Florida, which that court partially granted in an eighty-four page order. Hill v. Singletary, No. TCA 90-40023-WS (N.D.Fla. Aug. 31, 1992).
The federal district court determined that the state trial judge erred in failing to find certain nonstatutory mitigating factors even though that mitigation was established by *1073 the record.[1] The federal district court also noted that this Court erred in Hill II by deferring, without discussion, to the trial judge's findings regarding the mitigating circumstances. The federal district court concluded that, as a result, when this Court conducted a harmless error analysis after invalidating the cold, calculated, and premeditated aggravating circumstance, it did so without placing in the balance the nonstatutory mitigation as required by Parker v. Dugger, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991). Additionally, the federal district court found that this Court may have erred in its harmless error analysis, in violation of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) (must state that error is harmless beyond a reasonable doubt and must explain in a detailed explanation based on the record why the error is harmless). Although the federal district court opined that our language quoted above was possibly sufficient under Clemons, due to the exclusion of the uncontroverted mitigating evidence, it determined that Hill was entitled to conditional relief as to this claim. Consequently, the federal district court partially granted the habeas petition. The State did not appeal this decision, and Hill filed a motion to reopen his direct appeal to address this issue in this Court, which we granted.
Hill raises eleven claims in this appeal,[2] only one of which deals with the Parker issue. Hill maintains that all eleven claims are properly before this Court because the federal district court found constitutional error that "infected" Hill's sentence, thus effectively reopening his direct appeal as to any issue. The State maintains that all but the Parker issue are procedurally barred.
In granting Hill's motion to reopen his direct appeal, we accepted jurisdiction for the limited purpose of considering the federal district court's partial grant of his habeas petition. In no way did we intend to reopen Hill's direct appeal for the purpose of allowing him to raise other issues that are procedurally barred either because he previously failed to raise them on direct appeal or because the issues were previously determined to be without merit. Consequently, we limit our consideration in this appeal to the Parker issue and decline to consider the other issues raised by Hill.
As indicated previously, in this case we found that the trial judge erroneously determined that the murder was cold, calculated, and premeditated. When this court strikes one or more aggravating circumstances relied upon by a trial judge in sentencing a defendant to death, we may conduct a harmless error analysis based on what the sentencer actually found in determining whether the sentence of death is still appropriate. Parker, 498 U.S. at 320-21, 111 S.Ct. at 739; Clemons. In engaging in that harmless error analysis, however, we must not ignore evidence of mitigating circumstances or misread or mischaracterize the trial *1074 judge's findings regarding mitigating circumstances. Id. As noted by the federal district court, Hill did present evidence of uncontroverted mitigation and, from our examination of the record, it appears that the trial judge considered that uncontroverted mitigation in sentencing Hill to death even though he rejected some of that evidence. See, e.g., Palmes v. Wainwright, 725 F.2d 1511 (11th Cir.), cert. denied, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). Moreover, because this case was heard before this Court's decision in Campbell v. State, 571 So.2d 415 (Fla. 1990), it was unnecessary for the trial court to expressly evaluate in its sentencing order each nonstatutory mitigating circumstance proposed by Hill. Nevertheless, under the dictates of Parker, this Court, in engaging in a harmless error analysis after elimination of an aggravating circumstance, must consider all remaining aggravating circumstances and all statutory and nonstatutory mitigating circumstances.
In light of the United States Supreme Court's decision in Parker, we now reexamine the harmless error analysis we conducted in Hill II based on the entire record in this case. As indicated previously, four of the five aggravating circumstances found by the trial judge remain valid. Even when we consider the statutory mitigating circumstances of Hill's age of twenty-three at the time the murder was committed and the uncontroverted evidence of non-statutory mitigating circumstances presented by Hill at sentencing regarding his background, we must conclude that the trial judge's error in finding that the murder was cold, calculated, and premeditated, was harmless beyond a reasonable doubt. In aggravation, the evidence reflects that Hill, during the course of a robbery, killed a police officer so that he and his accomplice could escape prosecution. Moreover, Hill had previously been convicted of robbery with a firearm, and, in this case, he knowingly created a great risk of death to many persons by firing a number of shots in a populated area. We again hold that death is the appropriate sentence in this case because no reasonable possibility exists that the evidence presented in mitigation, such as Hill's age, his good work history, and his helpful and nonviolent nature,[3] is sufficient to outweigh the four valid aggravating circumstances.[4]
Accordingly, we again affirm Hill's sentence of death.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] The district court found that Hill presented the following uncontroverted mitigating evidence which should have been considered by this Court in its harmless error analysis: (1) that he was a caring and nonviolent person; (2) that, as a teenager, he voluntarily took care of a friend's brain-damaged child and helped a disabled, elderly neighbor; (3) that he had a trouble-free and non-violent history until age twenty-three; (4) that he held steady employment as a cook from the time he was in the ninth grade until he turned to drugs and crime at the age of twenty-three; (5) that he consistently helped his parents by doing housework and contributing money to the household; and (6) that he attended school until the twelfth grade but never progressed beyond a fifth grade reading level or verbal ability.
[2] Hill claims that: (1) the judge's and jury's application of cold, calculated, and premeditated was harmful error; (2) the trial judge erred in failing to weigh nonstatutory mitigating evidence; (3) the failure to properly instruct the jury on the improper doubling of aggravating factors warrants a new penalty phase proceeding; (4) irrelevant and inflammatory evidence perverted the penalty phase proceeding; (5) blacks were erroneously excluded from the jury solely on the basis of race; (6) the trial judge erroneously responded to questions from the jury and refused to disclose to Hill the content of the questions; (7) the trial judge erroneously refused to allow Hill to present certain mitigating evidence; (8) the trial judge erroneously refused to excuse certain jurors; (9) the jury instructions shifted the burden to Hill to prove death was inappropriate and the court used the wrong standard in sentencing Hill; (10) the jury's sense of responsibility was diluted because it was told that its decision was merely advisory; and (11) the jury was improperly instructed regarding the offenses for which Hill was charged.
[3] See supra note 1 for a more detailed list of the nonstatutory mitigating circumstances presented by Hill.
[4] Hill contends that, in conducting a harmless error analysis, we must consider whether the cold, calculated, and premeditated instruction provided to the jury was vague and, if so, what effect that vague instruction had on the jury's recommendation of death. See Glock v. Singletary, 36 F.3d 1014 (11th Cir.1994). As noted by the district court, this issue is procedurally barred. Consequently, Glock is not dispositive.