825 So.2d 882 (2002)
Henry Perry SIRECI, Petitioner,
v.
Michael W. MOORE, etc., et al., Respondents.
No. SC01-1399.
Supreme Court of Florida.
February 28, 2002.
Rehearing Denied April 15, 2002.
*883 Bill Jennings, Capital Collateral Regional CounselMiddle, Peter J. Cannon, Assistant CCRC, Kevin T. Beck, Assistant CCRC, and Lelslie Anne Scalley, Staff Attorney, Office of Capital Collateral Regional CounselMiddle, Tampa, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Scott A. Browne, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
Henry Perry Sireci petitions this Court for writ of habeas corpus. Under article V, *884 section 3(b)(9) of the Florida Constitution, we have jurisdiction.

Factual and Procedural History
In October 1976, a jury found Mr. Sireci guilty of the first-degree murder of Howard Poteet. On November 15, 1976, the trial court sentenced Mr. Sireci to death. The jury's conviction and Judge Maurice M. Paul's sentence were upheld by this Court in Sireci v. State, 399 So.2d 964 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). The petitioner then unsuccessfully sought postconviction relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850, and that decision was affirmed on appeal as well. Sireci v. State, 469 So.2d 119 (Fla.1985), cert. denied, 478 U.S. 1010, 106 S.Ct. 3308, 92 L.Ed.2d 721 (1986). On September 19, 1986, the Governor signed a death warrant for Mr. Sireci.
Following the signing of his death warrant, Mr. Sireci filed a second motion for postconviction relief. This Court affirmed the trial court's order mandating a limited evidentiary hearing on this postconviction motion. State v. Sireci, 502 So.2d 1221 (Fla.1987). After conducting the limited evidentiary hearing, the trial court ordered a new penalty phase, which was affirmed by this Court in State v. Sireci, 536 So.2d 231 (Fla.1988). The resentencing jury recommended the death penalty by a vote of eleven to one, and the trial court again imposed the death penalty. The death sentence was again affirmed by this Court. Sireci v. State, 587 So.2d 450 (Fla.1991). Thereafter, the United States Supreme Court denied certiorari review. Sireci v. Florida, 503 U.S. 946, 112 S.Ct. 1500, 117 L.Ed.2d 639 (1992).
Mr. Sireci then challenged his new sentence of death by filing an original and then three amended motions for postconviction relief. Pursuant to Huff v. State, 622 So.2d 982 (Fla.1993), Judge Richard F. Conrad presided over a hearing on the rule 3.850 motion on January 21, 1999. The court summarily denied the petitioner's motion on February 9, 1999, and this Court affirmed in Sireci v. State, 773 So.2d 34 (Fla.2000). This habeas petition, in which seven claims regarding Mr. Sireci's 1990 resentencing and subsequent direct appeal are presented,[1] followed.

Discussion

I. Avoiding or Preventing Lawful Arrest Aggravator
In his first claim, the petitioner asserts that there was insufficient evidence before the trial court to establish that the *885 murder here was committed for the purpose of avoiding or preventing a lawful arrest by eliminating a witness. Accordingly, petitioner contends that the failure of his appellate counsel to raise this issue on direct appeal amounts to ineffective assistance of counsel. Despite petitioner's contentions to the contrary, it is nonetheless plain here that this claim was indeed asserted and rejected by this Court on Mr. Sireci's original appeal. See Sireci v. State, 399 So.2d 964, 971 (Fla.1981) (rejecting Mr. Sireci's claim that the aggravators found by the trial court were not proven beyond a reasonable doubt). Thus, raising it again here as an ineffective assistance of counsel claim is improper. See Medina v. State, 573 So.2d 293, 295 (Fla.1990).
Additionally, we are certain that there was competent evidence before the trial court establishing that the dominant motive for the murder here was avoidance of arrest. The import of the testimony given by David Wilson at trial is plain:
Q: What did you ask Mr. Sireci?
A: How come he stabbed the people, the person so many times.
Q: What did he answer?
A: That he believed in leaving no witnesses.
Additionally, Harvey Woodall testified as follows:
Q: Did he know whether or not the man was dead?
A: Was dead when he left?
Q: Yes, Sir.
A: Yeah, he knew he was dead. He said he wasn't going to leave nobody who could identify him, no witnesses to testify against him.
Based upon the record before us, it is clear to this Court that there was sufficient evidence before the trial court to establish that the murder here was committed for the purpose of avoiding or preventing a lawful arrest by eliminating a witness. Therefore, even if the rejection of this claim on petitioner's direct appeal to this Court did not operate to bar its further assertion in this cause, it is without merit. As the underlying assertion of error is meritless, the claim that appellate counsel was ineffective must also fail. See Engle v. Dugger, 576 So.2d 696 (Fla.1991).

II. Unconstitutional Doubling of Aggravators
In his second claim, the petitioner asserts that the trial court unconstitutionally based its findings of the cold, calculated, and premeditated aggravator; the avoiding or preventing lawful arrest aggravator; and the in the course of a robbery or for pecuniary gain aggravator upon the same facts. Since petitioner's appellate counsel did not raise this issue on direct appeal, Mr. Sireci now asserts that the assistance rendered by his appellate attorney was ineffective.
In Banks v. State, 700 So.2d 363 (Fla.1997), we enunciated the proper analysis concerning the duplication of aggravating factors:
Improper doubling occurs when both aggravators rely on the same essential feature or aspect of the crime. However, there is no reason why the facts in a given case may not support multiple aggravating factors so long as they are separate and distinct aggravators and not merely restatements of each other, as in murder committed during a burglary or robbery and murder for pecuniary gain, or murder committed to avoid arrest and murder committed to hinder law enforcement.
Id. at 367 (citation omitted). Hence, the focus in an examination of a claim of unconstitutional doubling is on the particular aggravators themselves, as opposed to *886 whether different and independent underlying facts support each separate aggravating factor.
In the instant case, the three aggravators Mr. Sireci challenges are the cold, calculated, and premeditated aggravator; the avoiding or preventing a lawful arrest aggravator; and the in the course of a robbery or for pecuniary gain aggravator. In accordance with Banks, all of these aggravators are distinct from each other. Further, even though the aggravators are all based upon interrelated facts, the focus of each aggravator is upon a different facet or motivation of Mr. Sireci's crime.
The avoiding or preventing a lawful arrest aggravator, found based upon a witness elimination rationale, focuses on the petitioner's motive for murdering the victim. In sharp contrast, in finding that Mr. Sireci's acts were cold, calculated, and premeditated, the focus of the trial court was upon the manner in which the crime was executed.[2] Finally, the finding that the murder was committed in the course of a robbery and for pecuniary gain is a conclusion regarding the context in which the murder occurredduring a robbery.
Upon close scrutiny, it is clear that this claim is without merit. Therefore, appellate counsel cannot be faulted for not raising it before this Court on direct review. See Engle, 576 So.2d at 703-04. Counsel's assistance was not ineffective, and this Court remains confident that the correct result was attained.

III. Cold, Calculated, and Premeditated Aggravator
In his third claim, Mr. Sireci argues that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the trial court's determination that the cold, calculated, and premeditated aggravator was established. In Jackson v. State, 648 So.2d 85 (Fla.1994), this Court outlined the requirements for finding the cold, calculated, and premeditated aggravating factor to have been established, stating:
[T]he jury must determine that the killing was the product of cool and calm reflection and not an act prompted by an emotional frenzy, panic, or a fit of rage (cold); and that the defendant had a careful plan or prearranged design to commit murder before the fatal incident (calculated); and that the defendant exhibited heightened premeditation (premeditated); and that the defendant had no pretense of moral or legal justification.
Id. at 89 (citation omitted). The trial court below relied upon the fact that the petitioner called to ensure that the victim would wait at the business for his arrival and that he obtained a weapon (a tire iron) before proceeding to the scene of the crime in holding that "[t]he evidence establishes that the murder of Howard Poteet was intended from the very beginning of the robbery plot."
The petitioner is correct in asserting that the trial court did not specifically enunciate the individual facets of its finding that the murder here was cold, calculated, and premeditated. Clearly, however, the trial court had adequate facts upon which to base its finding here. During her testimony, Barbara Perkins outlined the extent of Mr. Sireci's planning. He instructed her on where to drop him off (a neighboring vacant lot) and pick him up (the nearby gas station), called Poteet Motors before the event to ensure that the victim would be there, and located a "lug wrench" to take with him.
*887 The trial court concluded that the preparatory steps taken by Mr. Sireci (the telephone call and acquisition of the tire iron) evinced the reflection and careful planning required by Florida law. See, e.g., Rogers v. State, 511 So.2d 526, 533 (Fla.1987) (requiring "a careful plan or prearranged design to kill"). In addition, the court decided that the murder had been intended from the beginning, thus satisfying the "heightened premeditation" requirement. Hill v. State, 515 So.2d 176 (Fla.1987).
Our review of this question is governed by our holding in Almeida v. State, 748 So.2d 922 (Fla.1999), in which we stated:
A trial court's ruling on an aggravating circumstance will be sustained on review as long as the court applied the right rule of law and its ruling is supported by competent substantial evidence in the record. Competent substantial evidence is tantamount to legally sufficient evidence, and we assess the record evidence for its sufficiency only, not its weight.
Id. at 932 (citation omitted). As the trial court below had sufficient evidence before it to support the finding of this aggravator, its ruling would have been sustained on direct review. For this reason, appellate counsel cannot be faulted for not asserting this meritless claim.
Even assuming, however, that insufficient evidence existed to support the trial court's finding this aggravating circumstance, four other valid aggravators exist in this case. Among them are two of the most weighty in Florida's sentencing calculusprior violent felony conviction and that the murder was heinous, atrocious, or cruel. Therefore, even if the trial court had committed error in finding the cold, calculated, and premeditated aggravator here, which it did not, such would be harmless. See, e.g., Zack v. State, 753 So.2d 9 (Fla.2000) (finding wrongful application of the avoiding a lawful arrest aggravator harmless error where four other valid aggravatorsprior violent felonies; pecuniary gain; heinous, atrocious, and cruel; and cold, calculated, and premeditated existed); Guzman v. State, 721 So.2d 1155 (Fla.1998) (upholding imposition of the death penalty where the trial court's finding the CCP aggravator was overturned, but the remaining four other aggravatorsprior violent felony; committed in the course of a robbery; heinous, atrocious, or cruel; and avoiding arrest existed); Jimenez v. State, 703 So.2d 437 (Fla.1997) (death sentence upheld where prior violent felony conviction; committed in the course of a robbery; committed while under community control; and heinous, atrocious, and cruel aggravators were found).

IV. Shackling of the Petitioner
Fourth, the petitioner asserts that his appellate counsel was ineffective for failing to argue on appeal that Mr. Sireci's constitutional rights were violated by the trial court's order that required him to remain shackled during the new penalty phase of his trial. It is well established that the decision to restrain a criminal defendant in the presence of the jury is subject to very close judicial scrutiny.[3] It is just as plain, however, that it is well within a trial court's authority to restrain a defendant "when circumstances involving the security and safety of the proceeding *888 warrant it." Bryant v. State, 785 So.2d 422, 428 (Fla.2001). In addition, brief exposure of the jury to the defendant in prison garb or restraints is not per se prejudicial so as to require a mistrial. See Singleton v. State, 783 So.2d 970, 976 (Fla. 2001); Neary v. State, 384 So.2d 881, 885 (Fla.1980).
In the instant case, there is nothing in the record that leads us to conclude that the jury ever saw Mr. Sireci in restraints. Indeed, the trial court here made every effort to keep the petitioner's restraints from being viewed by the jury by placing tables in front of his seat. Additionally, the trial court certainly had justification for restraining the petitioneran alleged attempt by the petitioner to have his brother-in-law killed so that he could not testify for the State. See Sireci v. State, 399 So.2d 964, 968 (Fla.1981). Thus, the instant case is much like Correll v. Dugger, 558 So.2d 422 (Fla.1990), where this Court held that appellate counsel could not be faulted for not complaining of the restraints placed on his client at trial. There, as here, the trial court concluded that the defendant was a security risk,[4] placed items in front of the defense counsel table, and had the defendant shackled. See Id. at 424. The longstanding principle that trial judges must have discretion to properly manage their courtrooms, in combination with a complete absence of evidence indicating any prejudice to the petitioner, requires this Court to deem this argument without merit.

V. Remaining Claims
Mr. Sireci's final three claims may be resolved in a summary fashion. He asserts first that under the United States Supreme Court's Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), opinion, the Florida capital sentencing scheme is unconstitutional. In our recent holding in Mills v. Moore, 786 So.2d 532 (Fla.2001), this Court stated that "[t]he majority opinion in Apprendi forecloses Mills' claim because Apprendi preserves the constitutionality of capital sentencing schemes like Florida's. Therefore, on its face, Apprendi is inapplicable to this case." Id. at 537. We have already resolved this issue adversely to Mr. Sireci's claim, and see no need to reconsider our Mills opinion.
The petitioner also asserts that when viewed cumulatively, the errors allegedly occurring at trial that Mr. Sireci's counsel failed to raise on appeal deprived the petitioner of a fundamentally fair trial, necessitating a new penalty phase hearing. As we have determined that none of the petitioner's assertions of error have merit, we must also conclude that there is no cumulative error to consider. See Melendez v. State, 718 So.2d 746, 749 (Fla.1998).
Finally, despite acknowledgment by the petitioner that this claim is not yet ripe, he asserts that his execution will violate the prohibition of cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution, as he may be incompetent at the time his sentence is carried out. Since no death warrant has been issued here, this claim is certainly not ripe for review by this Court. See Martin v. Wainwright, 497 So.2d 872, 873 (Fla.1986) (holding that a claim that the death penalty will be cruel and unusual punishment because the prisoner will be incompetent at the time of execution is not properly reviewed until that prisoner's execution *889 is pending). Thus, we decline to address this issue at this time.

Conclusion
Based upon the preceding determinations that the petitioner's claims are either without merit or not yet ripe for review, we decline to grant the petitioner's requested relief.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] The petitioner alleges that (1) his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting the trial court's finding of the avoiding or preventing lawful arrest aggravator; (2) his appellate counsel was ineffective for failing to argue that the trial court's findings of the cold, calculated, and premeditated aggravator, the avoiding or preventing a lawful arrest aggravator, and the in the course of a robbery or for pecuniary gain aggravator were all unconstitutionally based upon the same facts; (3) his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence underlying the trial court's finding of the cold, calculated, and premeditated aggravator; (4) his appellate counsel was ineffective for failing to argue on appeal that Mr. Sireci's constitutional rights were violated by the trial court's requiring him to remain shackled during the penalty phase of his trial; (5) the Florida capital sentencing statute, as applied here, is unconstitutional under the United States Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (6) when viewed cumulatively, the errors that Mr. Sireci's counsel failed to raise on appeal deprived him of a fundamentally fair trial, necessitating a new penalty phase hearing; and (7) his execution will violate the prohibition of cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution, as he may be incompetent at the time his sentence is carried out.
[2] This motive-method dichotomy mirrors the rationale we relied upon in upholding the death sentence in Stein v. State, 632 So.2d 1361, 1366 (Fla.1994).
[3] See Holbrook v. Flynn, 475 U.S. 560, 568, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986) (holding that certain practices, including the binding and gagging of criminal defendants "pose such a threat to the fairness of the factfinding process that they must be subjected to close judicial scrutiny"); see also Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), Elledge v. Dugger, 823 F.2d 1439 (11th Cir.1987).
[4] This was based upon the trial court receiving information that the defendant had been found in possession of a comb fashioned into a knife while in jail. See Correll, 558 So.2d at 424.