908 So.2d 321 (2005)
Henry P. SIRECI, Appellant,
v.
STATE of Florida, Appellee.
No. SC03-1554.
Supreme Court of Florida.
April 28, 2005.
Rehearing Denied July 15, 2005.
*322 Marie-Louise Samuels Parmer, CCRC-Middle, Tampa, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL and Scott A. Browne, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
Henry P. Sireci seeks review of a circuit court order denying his motion requesting DNA testing of certain evidence under Florida Rule of Criminal Procedure 3.853. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. We affirm.

Facts
The facts of the underlying crime are set forth in the Court's opinion on direct appeal. See Sireci v. State, 399 So.2d 964 (Fla.1981). In 1976, Sireci robbed and murdered Howard Poteet, the owner of a used car sales facility. Sireci attacked Poteet in the sales office, stabbed him fifty-five times, cut his throat, and then stole his wallet. Sireci was arrested, tried, and convicted of first-degree murder. Evidence of guilt included the following: seven witnesses testified that Sireci had admitted to them that he had killed Poteet;[1] a lab analyst testified that a hair found on *323 Poteet's sock was consistent with Sireci's hair; and the lab analyst further testified that blood found on a denim jacket matched Poteet's blood group and type.[2] The trial court sentenced Sireci to death, and this Court affirmed. See Sireci v. State, 399 So.2d 964 (Fla.1981). The circuit court denied Sireci's first rule 3.850 motion without an evidentiary hearing, and this Court again affirmed. See Sireci v. State, 469 So.2d 119 (Fla.1985).
After the governor signed a death warrant, Sireci filed a second rule 3.850 motion and the circuit court ordered an evidentiary hearing concerning the adequacy of his pretrial mental health exam. The State appealed that order, and this Court affirmed and also denied Sireci's first habeas corpus petition. See State v. Sireci, 502 So.2d 1221 (Fla.1987). At the conclusion of the evidentiary hearing, the circuit court ordered a new penalty phase proceeding. The State appealed that order, which this Court affirmed. See State v. Sireci, 536 So.2d 231 (Fla.1988). At the conclusion of the new penalty phase proceeding, the trial court followed the jury's eleven-to-one recommendation and imposed a death sentence based on five aggravating circumstances,[3] no statutory mitigating circumstances, and several non-statutory mitigating circumstances.[4] The Court affirmed the sentence. See Sireci v. State, 587 So.2d 450 (Fla.1991). Sireci filed a third rule 3.850 motion, which the circuit court denied without an evidentiary hearing, and this Court affirmed that determination. See Sireci v. State, 773 So.2d 34 (Fla.2000). The Court also denied his second habeas petition. See Sireci v. Moore, 825 So.2d 882 (Fla.2002). Sireci subsequently filed in circuit court the present rule 3.853 motion seeking DNA testing of certain evidence, and the court denied the request after a non-evidentiary hearing. Sireci appeals that order of denial.

Florida Rule of Criminal Procedure 3.853 and the Present Circuit Court Order
Florida Rule of Criminal Procedure 3.853, entitled "Motion for Postconviction DNA Testing," provides as follows in relevant part:
(b) Contents of Motion. The motion for postconviction DNA testing must be under oath and must include the following:
. . . .
(3) a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime;
(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received;

*324 . . . .
(c) Procedure.
. . . .
(5) The court shall make the following findings when ruling on the motion:
(A) Whether it has been shown that physical evidence that may contain DNA still exists.
(B) Whether the results of DNA testing of that physical evidence likely would be admissible at trial and whether there exists reliable proof to establish that the evidence containing the tested DNA is authentic and would be admissible at a future hearing.
(C) Whether there is a reasonable probability that the movant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.
Fla. R.Crim. P. 3.853.
In the present case, the circuit court order denying Sireci's rule 3.853 motion provides:
This case came before the court July 14, 2003, upon defendant, Henry P. Sireci's Amended Motion for Post Conviction DNA Testing Pursuant to Florida Rule of Criminal Procedure 3.853 ... and the court having reviewed its file, having heard argument of counsel, and being otherwise duly advised in the premises, it is adjudged as follows:
1. No evidence was introduced at the hearing, the parties relied upon their papers in the court file.
2. The defendant failed to make the requisite showing necessary to satisfy the requirements of subsections (b)(3) and (b)(4) under Rule 3.853 Fla. R.Crim. P.
3. Based solely upon the representations of counsel, it appears the physical evidence that may contain DNA still exists, is authentic, and would be admissible at a future hearing.
4. There was no argument concerning the admissibility at trial of any DNA test results, the court can only speculate that they would be admissible.
5. The defendant has not shown a reasonable probability that he would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.
6. For the foregoing reasons the motion is, in all respects, denied.
7. The defendant has the right to appeal this ruling within 30 days following the entry of this order.
Sireci claims that the circuit court erred in three respects: (a) in denying his rule 3.853 motion; (b) in failing to state factual findings in support of its ruling; and (c) in violating his constitutional right to gain access to evidence.

Sireci's Claims
Sireci contends that the circuit court erred in ruling that his motion failed to meet the requirements of rule 3.853(b)(3) and (4). We agree. As required by rule 3.853(b)(3), Sireci's motion contains a statement of innocence: "Henry Sireci states that he is actually and legally innocent of the murder." The motion also contains a statement explaining how DNA testing would exonerate him: "Due to the location of the evidence, DNA testing will tend to show that Barbara Perkins or her accomplices battered and fatally stabbed the victim." The motion also contains a statement explaining how DNA testing would mitigate his sentence: "Lastly, the evidence would also show that Henry Sireci was innocent of the death penalty by showing that even if he was involved in the death of the victim, Henry Sireci was a minor participant."
*325 Additionally, as required under section 3.853(b)(4), Sireci's motion contains a statement that the identity of the murderer is genuinely in dispute: "The identification of the true murderer of the victim is as genuinely disputed now as it was during trial." Further, the motion contains an explanation as to how the DNA evidence would either exonerate him or mitigate his sentence: (a) "Mitochondrial testing of the hair found on Mr. Poteet's sock would eliminate all physical evidence of Mr. Sireci's presence at the carlot"; (b) "[S]hould the hairs on the towels at the abandoned motel prove to be Ms. Perkins's or eliminate Henry Sireci, her testimony that she had never been present at this locale which was alleged to contain physical evidence from the person of Mr. Poteet would again be undermined and point inescapably to the likelihood that Ms. Perkins was either directly or indirectly involved in Mr. Poteet's homicide"; (c) "Perkins's presence in the abandoned hotel room would also diminish the argument relied upon by the State that the denim jacket located within the hotel room was tied only to Henry Sireci"; and (d) "Proof of Ms. Perkins's involvement establishes Mr. Sireci's innocence of the murder of Howard Poteet and innocence of the death penalty." Accordingly, we conclude that the circuit court erred in ruling that Sireci failed to meet the technical requirements of rule 3.853(b)(3) and (4). We find the error harmless, however, as explained below.
Sireci also contends that the circuit court erred in ruling that his motion failed to meet the "reasonable probability" standard in rule 3.853(c)(5)(C). He contends that DNA testing would show the following: (a) that the hair on Poteet's sock was not Sireci's hair; (b) that the blood on the denim jacket found in the motel room was not Poteet's blood; and (c) that hairs found on towels in the motel room were Perkins's hairs. Sireci contends that this proposed DNA evidence satisfies the "reasonable probability" standard. We disagree.
First, if DNA testing had shown that the hair on Poteet's sock was not Sireci's hair, the State would not have introduced that hair into evidence at his trial. Second, the testing of blood on the denim jacket was not asserted by Sireci as an issue in his present rule 3.853 motion and is procedurally barred at this point.[5] Third, the Court has already addressed the testing of hairs on the towels and has decided this issue adversely to Sireci.[6] Finally, we conclude that, in light of the other evidence of guilt, there is no reasonable probability that Sireci would have been acquitted or received a lesser sentence if the State had not introduced into evidence the hair on Poteet's sock. As we have noted, seven witnesses testified that Sireci admitted to them that he killed Poteet. We find no error in this regard. See generally Cole v. State, 895 So.2d 398 (Fla.2004); Tompkins v. State, 872 So.2d 230 (Fla.2004); Hitchcock v. State, 866 So.2d 23 (Fla.2004); Robinson v. State, 865 So.2d 1259 (Fla.2004); King v. State, 808 So.2d 1237 (Fla.2002). Sireci's remaining claims are without merit.[7]
*326 Based on the foregoing, we affirm the circuit court order denying Sireci's rule 3.853 motion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] See Sireci v. State, 773 So.2d 34, 42-43 (Fla.2000).
[2] The jacket was linked to Sireci through the testimony of his girlfriend, Barbara Perkins. Sireci allegedly had cleaned up after the murder in a particular motel room, and the jacket was found in that motel room.
[3] The court found that the following aggravating circumstances had been established: prior conviction of a violent felony, commission during a robbery, commission to avoid arrest, HAC, and CCP.
[4] The court found that the following nonstatutory mitigating circumstances had been established: Sireci was a hard worker; he showed concern for others; he had demonstrated an unselfish attitude; he had a good prison record; he had suffered brain damage in the past; and he had suffered an abusive childhood.
[5] See Thomas v. State, 838 So.2d 535, 539 (Fla.2003); Washington v. State, 835 So.2d 1083, 1087 (Fla.2002).
[6] See Sireci, 773 So.2d at 44.
[7] Sireci claims that the circuit court erred in failing to make factual findings in support of its ruling. However, subdivision (c)(5) of rule 3.853 requires only that the circuit court make several rule-based findings concerning the DNA evidence in issue; the circuit court below made each of those findings. Sireci further claims that denial of his rule 3.853 motion violates his constitutional right to gain access to evidence. This issue, however, already has been decided adversely to him. See Cole, 895 So.2d at 403 n. 1.