HOBSON, Justice (Ret.).
Edward Williams was convicted by a jury of murder in the first degree and sentenced to death. No appeal was taken from the judgment “imposing the death penalty.”
This attempted direct appeal to the Supreme Court is from a denial of a so-called Motion for a New Trial which motion, in truth and in fact, was one to vacate the judgment and sentence and was filed pur *587 suant to Criminal Procedure Rule One, F.S.A. ch. 924 Appendix. It challenges the constitutional legality of Williams’ conviction.
Article V, Section 4(2) of the Florida Constitution, F.S.A., reads in part as follows:
“ (2) Jurisdiction. Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only from judgments imposing the death penalty, from final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or federal constitution, * *
It is not, and could not with good grace be, suggested that the order denying the Motion to Vacate was a final judgment or decree in which the learned Circuit Judge passed directly upon “the validity of a state statute or a federal statute or treaty.” In the oppugned order the trial judge did not construe “a controlling provision of the Florida or federal constitution.” Actually he refused to do so and merely determined that the decisions of the U. S. Supreme Court in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, and the decision of the Supreme Court of Florida in Harris v. State, 162 So.2d 262, are not applicable to the instant case. He indicated that the decision in “the now famous case of Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799]” is more nearly in point because Edward Williams did not allege nor did he prove that he was, at any stage of the proceeding, an indigent person.
The appeal in the instant case is admittedly not one from an order, judgment or sentence “imposing the death penalty”— it is, as aforestated, one from an order denying a motion to vacate filed by appellant in the Circuit Court in and for Martin County, Florida — the court in which he was convicted.
The pertinent provisions of Criminal Procedure Rule One, Fla., 151 So.2d634, clearly afford a state prisoner the right to assail his confinement by a motion to vacate filed in the court in which his trial occurred. It cannot be argued that this is not a clear pronouncement by this Court that as of the date of the adoption of this rule the several trial, courts of the State of Florida (excepting only municipal courts) could properly entertain a collateral attack by such a motion;, and if the circumstances indicated the propriety thereof, could vacate a judgment and sentence even if it were one imposing the death penalty. Since the several trial courts were, by the adoption of Criminal Procedure Rule One given the authority and jurisdiction to so act, it is a vain gesture to contend that an appeal from an order denying such relief should be lodged in this Court. There are presently in existence' three (3) able district courts of appeal in which such a review can be sought — in this case the District Court of Appeal, Second' District, is the proper forum.
On the face of appellant’s pleadings in said circuit court as well as throughout the order of the circuit court denying the relief sought, it is clear that the motion was one brought pursuant to Criminal Procedure Rule One and that in fact the notice of appeal is directed only to the order of denial thereof — there having been no appeal whatever from the judgment and sentence on the merits.
Consequently when viewed in light of the constitutional proscription regarding direct appeals to this Court, this case should be transferred to the District Court of Appeal, Second District.[1]
It is so ordered.
*588 THOMAS, Acting C. J., and ROBERTS, DREW and CALDWELL, JJ., concur.
O’CONNELL, J., concurs in judgment.
ERVIN, J., dissents.

. See the several orders of this Court in the cases of Holzapfel v. State, Case No. 33,901, dated March 4, 1965, and March 11, 1965; and Whitney v. State, Case No. 34,166, dated May 6, 1965.