376 So.2d 3 (1979)
STATE of Florida, Appellant,
v.
Robert A. PRESTON, Appellee.
No. 56496.
Supreme Court of Florida.
October 4, 1979.
*4 Alan B. Robinson, Asst. State's Atty., Sanford, for appellant.
Joan H. Bickerstaff, Asst. Public Defender, Cocoa Beach, Bennett Ford, Chief Asst. Public Defender, Titusville and Andrew A. Graham, Cocoa, for appellee.
ENGLAND, Chief Justice.
The present interlocutory appeal is before the Court on transfer from the fourth district court of appeal. Before that court Preston successfully argued that jurisdiction properly lies in this Court under article V, sections 3(b)(3) and (1) of the Florida Constitution, since he is charged with a first-degree murder for which, on final judgment, the death penalty might be imposed. Treating the appeal as a petition for certiorari under section 3(b)(3), we transfer this cause back to the district court pursuant to article V, section 2(a) and Florida Rule of Appellate Procedure 9.040(b).
Article V, section 3(b)(3), Florida Constitution, authorizes the Court to review, in its discretion, "any interlocutory order passing upon a matter which upon final judgment would be directly appealable to the supreme court." The matter here for review is a pretrial order of the circuit court suppressing certain evidence obtained during a search of Preston's room.[1]
Preston argues that the Court's jurisdiction over this appeal is supported by our exercise of jurisdiction in Reino v. State, 352 So.2d 853 (Fla. 1977), and Bundy v. Rudd, 366 So.2d 440 (Fla. 1978), both of which involved judicial decisions in the course of a capital case other than a final decision imposing a sentence of death.
Reino brought to the Court a trial court's order which held that the statute of limitations on capital crimes did not bar Reino's prosecution, and Bundy brought to the Court an order of the trial judge denying his disqualification to preside in a capital case. Unlike the present appeal, both of those cases came to the Court on petitions for writ of prohibition under article V, section 3(b)(4) of the Constitution, which authorizes the Court to "issue writs of prohibition ... in causes within the jurisdiction of the supreme court to review." Capital cases, of course, where the death penalty may be imposed, arguably will be "causes" within this Court's jurisdiction to review. Nonetheless, our jurisdiction to consider the interlocutory matters in those cases was, as Justice Sundberg noted for the Court in Reino, "novel and not without doubt."[2]
Interlocutory appeals under section 3(b)(3) are confined to orders "passing on a matter" which on final judgment would be appealable here. Routine interlocutory orders in the course of a capital case, such as the suppression order in this case, could be, of course, appealable here if a conviction is had and a sentence of death imposed. Under those circumstances the interlocutory order would be reviewable here if argued as error as a part of the appeal. But the issues in these types of motions are not unique to capital cases or to the death sentence itself. There is no compelling reason that they cannot be reviewed in the district *5 courts like all other interlocutory matters in the course of a criminal proceeding.
For this reason, we decline to exercise our jurisdiction to review interlocutory orders, in capital cases, under section 3(b)(3). We direct the transfer of this matter back to the fourth district court of appeal.
It is so ordered.
ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] There is no independent basis for jurisdiction here under article V, section 3(b)(1), as the court's order did not initially and directly pass on the validity of a state statute, a federal statute or a treaty, and did not construe a provision of the state or federal constitution.
[2] 352 So.2d at 855.