485 So.2d 25 (1986)
Leonard SUTTON, Appellant,
v.
Superintendent Clayton STRICKLAND, Jr., Captain Deese, Co. I John Griffis, and Classification Officer Mr. Williams, Appellees.
No. BD-35.
District Court of Appeal of Florida, First District.
March 18, 1986.
Leonard Sutton, pro se.
Jim Smith, Atty. Gen., Carl J. Zahner, Asst. Atty. Gen., for appellees.
SHIVERS, Judge.
Appellant Sutton, an inmate at Florida State Prison, filed a pro se pleading entitled "Complaint" in the Bradford County Circuit Court. In the complaint, appellant stated he was erroneously given a disciplinary report for refusal to work and was placed in disciplinary confinement for approximately three months. As a result of this confinement, he alleged he was denied the "right to earn gain time" and deprived of due process and equal protection under the Florida Constitution. The complaint requested the defendants be enjoined from taking his gain time and that he be granted "all other relief the court deems just and proper."
The trial court treated the pleading as a petition for writ of habeas corpus and denied the writ on the basis that the petition was facially insufficient. Sutton now appeals the denial and argues that the matter should be remanded for the trial court to consider the pleading as a civil complaint.
We affirm the trial court's denial on the basis that the appellant failed to exhaust *26 his administrative remedies. The Department of Corrections' procedure regarding disciplinary reports and disciplinary action is contained in Rule 33-3.08, Florida Administrative Code. That rule also provides, in section (5)(e), for appeals of disciplinary action through the Inmate Grievance Procedure outlined in Rule 33-3.07, Florida Administrative Code.
Since it does not appear from the record, nor is it alleged, that appellant utilized that procedure prior to filing his action in the trial court, we affirm the trial court's actions. See Morris v. Wainwright, 409 So.2d 1161 (Fla. 1st DCA 1982). We do so without prejudice to appellant's right to seek redress under the Inmate Grievance Procedure. Ingram v. Lt. Forte, County Jail Administration, 473 So.2d 48 (Fla. 4th DCA 1985).
JOANOS and NIMMONS, JJ., concur.