697 So.2d 70 (1997)
STATE of Florida, Petitioner,
v.
FOURTH DISTRICT COURT OF APPEAL, et al., Respondents.
No. 89947.
Supreme Court of Florida.
May 1, 1997.
Rehearing Denied July 10, 1997.
Robert A. Butterworth, Attorney General and Sara D. Baggett, Assistant Attorney General, West Palm Beach, Florida, for Petitioner.
Ross B. Bricker, Jeffrey A. Koppy and J. Mark Appleberry of Jenner & Block, Chicago, Illinois, for Respondents.
PER CURIAM.
This is a petition for mandamus in which the State seeks to require the Fourth District Court of Appeal to transfer to this Court a pending petition for writ of prohibition filed by a death row inmate.
Harold Lee Harvey was convicted of two counts of first-degree murder and sentenced to death in 1986 by Circuit Judge Dwight Geiger. Harvey's convictions and death sentences were affirmed by this Court on appeal. Harvey v. State, 529 So.2d 1083 (Fla. 1988). Harvey thereafter filed a motion for postconviction relief which was denied after an evidentiary hearing but remanded by this Court for another evidentiary hearing on several claims of ineffective assistance of trial counsel. Harvey v. Dugger, 656 So.2d 1253 (Fla.1995). Upon remand to the trial court, Chief Judge L.B. Vocelle presided over the proceedings because Judge Geiger had rotated to the civil bench. Shortly before the scheduled hearing, Judge Vocelle fell ill and subsequently died. Judge Geiger, who had returned to the criminal bench, was reassigned to the case.
Harvey filed a motion to recuse Judge Geiger, which the judge denied as legally insufficient. Harvey then filed a petition for writ of prohibition in the Fourth District Court of Appeal challenging the denial of his motion. The Fourth District Court of Appeal denied the State's motion to transfer the case to this Court and stayed the circuit court proceedings. The State then filed this petition asserting that this Court has exclusive jurisdiction over the petition for writ of prohibition.
In support of his decision to seek prohibition in the district court of appeal, Harvey relies primarily upon this Court's opinion in Williams v. State, 178 So.2d 586 (Fla.1965). In Williams, we held that an appeal from the denial of a capital defendant's motion for postconviction relief should be taken to the Second District Court of Appeal. See also Chatman v. State, 225 So.2d 576 (Fla. 2d DCA 1969). Subsequently, however, we have rejected challenges to our jurisdiction over collateral proceedings in death penalty cases. State v. Sireci, 502 So.2d 1221 (Fla.1987); State v. White, 470 So.2d 1377 (Fla.1985). In *71 Sireci, we explained that an appeal from a motion for postconviction relief must be taken to the appellate court that has jurisdiction over the appeal from the underlying conviction and sentence. Collateral proceedings in death penalty cases are essentially attacks on the imposition of the death penalty. Because this Court has jurisdiction over death penalty cases, it is logical that such attacks be directed to this Court. As a practical matter, we routinely entertain appeals from final orders in death penalty collateral proceedings, see Fla. R.Crim. P. 3.851, and on occasion review interlocutory orders in such proceedings. E.g., State v. Lewis, 656 So.2d 1248 (Fla. 1994); State v. Kokal, 562 So.2d 324 (Fla. 1990).
In order to clarify our position, we now hold that in addition to our appellate jurisdiction over sentences of death, we have exclusive jurisdiction to review all types of collateral proceedings in death penalty cases. This includes cases in which this Court has vacated a death sentence and remanded for further penalty proceedings. However, our jurisdiction does not include cases in which the death penalty is sought but not yet imposed, State v. Preston, 376 So.2d 3 (Fla. 1979), or cases in which we have vacated both the conviction and sentence of death and remanded for a new trial. We therefore recede from our decision in Williams and disapprove Chatman.
We grant the petition for mandamus and direct that the petition for writ of prohibition be transferred to this Court for disposition. Because both Harvey and the State have also addressed the petition on the merits, this Court's ruling shall be forthcoming without the need for further briefing.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.