697 So.2d 1259 (1997)
STATE of Florida, Petitioner,
v.
James R. HOOTMAN, Respondent.
No. 97-02118.
District Court of Appeal of Florida, Second District.
July 25, 1997.
*1260 Candance M. Sabella, Tampa, for Petitioner.
Bob Dillinger, Public Defender, and Violet M. Assaid, Assistant Public Defender, Clearwater; and James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Respondent.
LAZZARA, Judge.
The State of Florida invokes our certiorari jurisdiction to review the trial court's order which prohibits the use of the newly created aggravating circumstance of section 921.141(5)(m), Florida Statutes (Supp.1996), in seeking the death penalty against the respondent. It also requests that we certify a question of great public importance to the Florida Supreme Court regarding the issue raised in this case. Because we conclude that the trial court's order will have a great effect on the proper administration of justice throughout this state, we certify on our own motion that this order requires immediate resolution by the Florida Supreme Court under article V, section 3(b)(5), of the Florida Constitution, and Florida Rule of Appellate Procedure 9.125.[1]
The State indicted the respondent for first-degree murder, alleging that the crime occurred on or between the 17th and 18th days of February, 1996. It also filed a written notice of its intention to seek the death penalty. One of the aggravating circumstances which the State wants to utilize in its quest for the death penalty is based on section 921.141(5)(m), which the legislature enacted into law on May 30, 1996. See Ch. 96-290, § 5, at 890-891, and § 11, at 892, Laws of Fla. In determining whether a death sentence should be imposed, this section now permits consideration of circumstances establishing that "[t]he victim of the capital felony was particularly vulnerable due to advanced age or disability, or because the defendant stood in a position of familial or custodial authority over the victim." According to the State's proffer to the trial court, the facts in this case will establish that the victim of the respondent's homicide was eighty-nine years of age, was suffering from immobility requiring the use of a cane or walker, and was visually and hearing impaired.
The respondent in due course filed a motion to prohibit the application of the aggravating circumstance found in section 921.141(5)(m). He argued that because this new circumstance was enacted into law after he allegedly committed his crime, its application to his case would violate the ex post facto provisions of the United States and *1261 Florida Constitutions. The trial court rendered a written order granting the respondent's motion in which it agreed with the respondent's ex post facto argument. The State timely filed its petition for writ of certiorari with us seeking a reversal of the order. For the reasons expressed below, we conclude that the order sought to be reviewed raises an issue having a great effect on the proper administration of the death penalty in this state and should more appropriately be decided by the Florida Supreme Court under the auspices of article V, section 3(b)(5), of the Florida Constitution, and rule 9.125.[2]
The primary basis for our conclusion stems from the supreme court's exclusive jurisdiction under article V, section 3(b)(1), of the Florida Constitution, to "hear appeals from final judgments of trial courts imposing the death penalty." As that court has explained within the context of the doctrine of proportionality review of death penalty cases, "[t]he obvious purpose of this special grant of jurisdiction is to ensure the uniformity of death-penalty law by preventing the disagreement over controlling points of law that may arise when the district courts of appeal are the only appellate courts with mandatory appellate jurisdiction." Tillman v. State, 591 So.2d 167, 169 (Fla.1991) (emphasis added). We recognize that the order sought to be reviewed is not a final judgment imposing the death penalty and thus does not fall within the exclusive jurisdictional ambit reserved to the Florida Supreme Court. We believe, however, that in the spirit of Tillman with its emphasis on the supreme court's preeminent role in the domain of death-penalty law, it would be judicially beneficial to refer the issue posed in the trial court's order to that court for immediate resolution so that trial courts in this state will have the benefit of a definitively uniform pronouncement regarding the application of section 921.141(5)(m) to cases in which the capital murder was allegedly committed prior to its effective date.
Furthermore, in our judgment, the order in this case is distinguishable from the interlocutory suppression order in State v. Preston, 376 So.2d 3 (Fla.1979) (Preston I), which the court declined to review even though the state was seeking the death penalty. In that case, the issue raised in the respondent's motion and decided by the trial court was characterized as routine in the sense that it arose in other types of criminal cases and thus was "not unique to capital cases or to the death sentence itself." Id. at 4. In our case, however, the essence of the issue raised and resolved by the trial court's interlocutory order can be characterized only as peculiarly unique to a capital case and the imposition of the death penalty. Accordingly, we believe that this is another compelling reason why we should afford the supreme court the immediate opportunity to review the trial court's order.
We also find it significant that in the event we decided to quash the trial court's order thus allowing the State to use the aggravating circumstance of section 921.141(5)(m), and that in the event the trial court ultimately imposes the death penalty by relying on this circumstance, our decision would not preclude the respondent under the doctrine of law of the case from raising the ex post facto issue on direct appeal to the Florida Supreme Court. See Preston v. State, 444 So.2d 939, 942 (Fla.1984) (Preston II). Thus, we believe that the interests of judicial economy, coupled with the pressing need for judicial uniformity, furnish additional support for passing this case directly through to the Florida Supreme Court for immediate resolution.
Finally, we are aware of the supreme court's recent revised opinion in State v. Fourth District Court of Appeal, 697 So.2d 70 (Fla.1997), in which it clarified its jurisdictional position in the realm of death penalty cases. In doing so, the court held "that in addition to our appellate jurisdiction *1262 over sentences of death, we have exclusive jurisdiction to review all types of collateral proceedings in death penalty cases." Id. (emphasis added). It went on to explain, however, citing to Preston I, that "our jurisdiction does not include cases in which the death penalty is sought but not yet imposed." Id.
Clearly, in our case, the death penalty although being sought by the State has not yet been imposed. Nevertheless, we do not believe that this latest pronouncement from the supreme court precludes us from requesting that it invoke its discretionary jurisdiction under article V, section 3(b)(5), of the Florida Constitution, and rule 9.125 to review the trial court's order. Instead, in our view, this recent opinion did nothing more than define the parameters of the exclusive jurisdiction reserved to the supreme court in death penalty cases and was not intended to limit its discretionary authority to accept jurisdiction in a case such as this one involving a truely unique issue of death penalty law.
We, therefore, respectfully request that the Florida Supreme Court accept jurisdiction for an immediate resolution of the trial court's order in this case pursuant to article V, section 3(b)(5), of the Florida Constitution, and Florida Rule of Appellate Procedure 9.125. To that end, no motions for rehearing will be entertained.
DANAHY, A.C.J., and WHATLEY, J., concur.
NOTES
[1] Because we are not disposing of this case by a decision, it would be a useless gesture to accept the State's invitation to certify a question of great public importance to the supreme court. See Boler v. State, 678 So.2d 319, 320 n. 2 (Fla.1996) (supreme court has no jurisdiction under article V, section 3(b)(4), of the Florida Constitution, to answer a certified question of great public importance where there is no district court "decision" to review). The approach we are taking, however, will hopefully accomplish the same result the State is seekinga definitive and expeditious answer from the supreme court regarding the propriety of the trial court's order.
[2] We note that the respondent relied on a written order rendered by a trial court in a different judicial circuit of this district which also granted a defendant's motion to prohibit the application of section 921.141(5)(m) on the basis of the ex post facto prohibitions contained in the United States and Florida Constitutions. This order is in the record. According to the record, however, the State in that case did not seek review of the order but instead elected to proceed to trial. Thus, the issue of whether section 921.141(5)(m) can be retroactively applied to a capital felony committed prior to its effective date is not unique to the respondent's case.