709 So.2d 1357 (1998)
STATE of Florida, Petitioner,
v.
James R. HOOTMAN, Respondent.
No. 91105.
Supreme Court of Florida.
March 26, 1998.
*1358 Robert A. Butterworth, Attorney General, and Candance M. Sabella, Assistant Attorney General, Tampa, for Appellant.
Bob Dillinger, Public Defender, and Violet M. Assaid, Assistant Public Defender, Sixth Judicial Circuit; and James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Tenth Judicial Circuit, Clearwater, for Appellee.
PER CURIAM.
We have for review an order certified by the Second District Court of Appeal in State v. Hootman, 697 So.2d 1259 (Fla. 2d DCA 1997), as one having a great effect on the administration of justice throughout the state, requiring immediate resolution by this Court. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const. We approve the ruling of the trial court that an aggravating factor enacted into law after the commission of a capital crime may not be considered in the sentencing of the defendant.

MATERIAL FACTS[1]
Petitioner, James R. Hootman (Hootman) was indicted by the Grand Jury in and for Hillsborough County for first-degree murder based on a crime alleged to have occurred on February 17 or 18, 1996. Following the grand jury's indictment, the State filed a written notice of its intent to seek the death penalty. In it, the State declared its intent to rely on section 921.141(5)(m), Florida Statutes (Supp.1996),[2] which the legislature enacted into law on May 30, 1996, and which permits the introduction of evidence of the victim's advanced age for the jury's determination as to whether the death penalty may be imposed. Based on the newly enacted subsection, the State sought to present evidence that the victim was eighty-nine years of age, used a cane or walker, and was visually or hearing impaired.
In response, Hootman filed a motion to prohibit application of section 921.141(5)(m) on the grounds that such application to his crime would violate the ex post facto provisions of both the United States and the Florida Constitutions. Hootman argued that because the alleged offense occurred prior to the statute's enactment it could not be retroactively applied against him. The trial court agreed and, in a written order, precluded the State from relying on section 921.141(5)(m). The State subsequently filed a petition for writ of certiorari seeking reversal of the trial court's order. On appeal, the district court, without deciding the issue, certified it as one having an effect on the proper administration of death penalty cases throughout the state and requiring immediate resolution by this Court. Hootman, 697 So.2d at 1261. We accepted jurisdiction and for the reasons expressed hold that section 921.141(5)(m) of the Florida Statutes may not be retroactively applied against Hootman.

LAW AND ANALYSIS
Both the Florida and the United States Constitutions prohibit ex post fact laws. See U.S. Const. art. I, § 10, cl. 1 ("No State shall ... pass any ... ex post facto Law."); Fla. Const. art. I, § 10 ("No ... ex *1359 post facto law ... shall be passed."). An ex post facto law is one which "punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed." Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (quoting Beazell v. Ohio, 269 U.S. 167, 169-70, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 (1925)). Recently, the Supreme Court of the United States in Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), held that for a law to "fall within the ex post facto prohibition, [it] must be retrospective that is `it must apply to events occurring before its enactment'and it `must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." Id. at ___, 117 S.Ct. at 895 (citations omitted); accord Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Britt v. Chiles, 704 So.2d 1046 (Fla.1997); cf. Dugger v. Williams, 593 So.2d 180, 181 (Fla.1991) (holding that a law violates ex post facto prohibition where it is retrospective in effect and "diminishes a substantial substantive right the party would have enjoyed under the law existing at the time of the alleged offense"). In other words, "[a] law is retrospective if it `changes the legal consequences of acts completed before its effective date.'" Miller, 482 U.S. at 430, 107 S.Ct. at 2451. Even where "a statute merely alters penal provisions accorded by the grace of the legislature, it violates the [Ex Post Facto] Clause if it is both retrospective and more onerous than the law in effect on the date of the offense." Weaver, 450 U.S. at 30-31, 101 S.Ct. at 965. As the Supreme Court noted in California Dep't of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), the necessary inquiry is whether a change in the law "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Id. at 506 n. 3, 115 S.Ct. at 1602 n. 3.
Other jurisdictions, applying the foregoing principles and specifically addressing changes to aggravating factors in capital cases, have reached conclusions consistent with that reached by the trial court here. See Arizona v. Correll, 148 Ariz. 468, 715 P.2d 721 (1986) (finding application of new aggravator to be ex post facto law where crime was committed before date of enactment); Bowen v. Arkansas, 322 Ark. 483, 911 S.W.2d 555 (1995) (same). In Correll the defendant was convicted, inter alia, on three counts of first-degree murder and sentenced to death. At the time of the trial, a newly enacted aggravating factor permitted juries to consider that "the defendant has been convicted of one or more other homicides ... which were committed during the commission of the offense." 715 P.2d at 734. The aggravator, however, was not enacted until after the commission of the homicides. The court found that the statutory amendment to the death penalty law was substantive in nature rather than procedural and that the defendant could be disadvantaged if the aggravator were to apply as against him. 715 P.2d at 73. Accordingly, the court held that application of the new aggravator would be an ex post facto law and could not be constitutionally upheld. Id.
Likewise, in Bowen, the issue was whether the State could rely on the aggravator that "the capital murder was committed in an especially cruel or depraved manner," which had not been enacted at the time the crime was committed. 911 S.W.2d at 562. In noting that an "aggravating circumstance ... is a `standard' to guide the jury in its selection of punishment," id. at 563 (citing Poland v. Arizona, 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986)), the Supreme Court of Arkansas focused on the nature and the effect of the new aggravator:
While the addition of an aggravating circumstance to be considered in determining whether the sentence will be death or life without parole does not guarantee the harsher sentence, it may have a direct effect on the decision and thus result in a harsher sentence than might have been imposed were that aggravating circumstance not available. We can hardly say that a "standard" for application of the *1360 death penalty is merely procedural. We regard it as a substantive provision that cannot be applied retroactively. It was error to do so, thus we must remand the case for resentencing.
911 S.W.2d at 563-64.
In the instant case, there is no doubt that application of section 921.141(5)(m) would be retroactive in effect since Hootman's alleged conduct occurred before the statute was enacted. It is equally apparent that section 921.141(5)(m) disadvantages Hootman by altering the definition of the criminal conduct that may subject him to the death penalty and increasing the punishment of a crime based upon the new aggravator. Under section 921.141(5)(m), the State may proffer evidence that "[t]he victim of the capital felony was particularly vulnerable due to advanced age or disability" in seeking the death penalty. See § 921.141(5)(m), Fla. Stat. (1997). This Court held in State v. Dixon, 283 So.2d 1, 9 (Fla.1973), "The aggravating circumstances ... actually define those crimes ... to which the death penalty is applicable." Indeed, the severity of the death penalty and the role of the judge and jury in considering the prescribed aggravating circumstances make aggravating circumstances a critical part of the substantive law of capital cases. Before the legislature enacted section 921.141(5)(m), advanced age of the victim had not been part of any of the previously enumerated factors. In enacting section 921.141(5)(m), therefore, the legislature altered the substantive law by adding an entirely new aggravator to be considered in determining whether to impose the death penalty.
The State argues that the change in the law is purely procedural and that the change neither altered the definition of the crime nor increased the penalty by which the crime is punishable. In support of this argument, the State relies on cases in which this Court has upheld the application of amendments related to preexisting aggravators. We find those cases to be distinguishable from this case because in each instance the amendments merely refined or extended existing aggravating factors[3] or reiterated one of the elements of the underlying crime, namely premeditated murder.[4] As the trial court properly concluded:
In all the foregoing cases which find retroactive application constitutional, the aggravating factors did not add anything new to the elements of the offense or to the other applicable aggravating factors. The penalty phase juries were not given additional detrimental information to consider in making its sentencing recommendations. In contrast, the application of newly enacted § 921.141(5)(m) is neither a refinement in an existing aggravating factor nor a reiteration of an existing element to a crime.
Unlike the situations involved in the cases relied upon by the State, section 921.141(5)(m) constitutes a substantial change in the substantive law on capital punishment since the trier of fact and the court may now consider the victim's advanced age as the sole determining factor in finding an aggravating circumstance. In other words, once it has been established that the victim was of advanced years in age, the aggravator is conclusively shown. While there is no guarantee Hootman would receive the death penalty, the judge and jury's decision would certainly be affected by consideration of this new aggravator, which would not have been the case had Hootman been tried, convicted and sentenced before the date of enactment.[5] *1361 Bowen. Thus, consideration of the advanced-age aggravator undoubtedly disadvantages Hootman by exposing him to a penalty of death and cannot be said to be a mere procedural change in the law.
Accordingly, we approve the decision of the trial court[6] and hold that section 921.141(5)(m) may not be retroactively applied against Hootman since the newly amended section was not in effect at the time of the alleged offense and substantially alters the substantive law of capital punishment in Florida.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] The following facts are taken from the district court's opinion in State v. Hootman, 697 So.2d 1259 (Fla. 2d DCA 1997).
[2] Section 921.141(5)(m) provides that an aggravating circumstance applies to a capital felony when: "The victim of the capital felony was particularly vulnerable due to advanced age or disability, or because the defendant stood in a position of familial or custodial authority over the victim." § 921.141(5)(m), Fla. Stat. (Supp. 1996).
[3] See Trotter v. State, 690 So.2d 1234 (Fla.1996) (applying community control extension of existing aggravator retroactively); Valle v. State, 581 So.2d 40 (Fla.1991); Hitchcock v. State, 578 So.2d 685 (Fla.1990) (holding "committed by a person under sentence of imprisonment" aggravator may be applied where defendant on parole at time of crime).
[4] See Zeigler v. State, 580 So.2d 127 (Fla.1991); Justus v. State, 438 So.2d 358, 368 (Fla.1983) (holding CCP aggravator could be retroactively applied where "it did not change the substance of the sentencing law to the detriment of capital offenders"); Combs v. State, 403 So.2d 418 (Fla. 1981).
[5] The State contends that because it is a matter of speculation whether Hootman will ultimately receive a death sentence in this case, the effect of applying the new factor is also speculative and therefore not violative of the Ex Post Facto Clause of either the United States or the Florida Constitution. We disagree. In Morales, the Supreme Court noted that "in evaluating the constitutionality of the ... [amended law], we must determine whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." 514 U.S. at 509, 115 S.Ct. at 1603. By giving the jury an additional factor to consider in making its determination, the legislature sufficiently increased the risk that Hootman will receive a sentence harsher than life imprisonment.
[6] We commend Circuit Court Judge Raymond O. Gross on his thorough analysis in resolving this issue.