713 So.2d 1006 (1998)
STATE of Florida, Petitioner,
v.
Aludin Jael MATUTE-CHIRINOS, Respondent.
No. 91641.
Supreme Court of Florida.
July 16, 1998.
Robert A. Butterworth, Attorney General, and Randall Sutton, Assistant Attorney General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Respondent.
WELLS, Justice.
We have for review an order certified under our pass-through jurisdiction by the Third District Court of Appeal in State v. Matute-Chirinos, Case No. 97-0270 (Fla. 3d DCA Oct. 15, 1997). This is a capital murder case, and the Third District, without addressing the issues, certified it as one having a great effect on the administration of justice throughout the state, requiring immediate resolution by this Court. On closer examination, we find that jurisdiction was improvidently granted. This Court does not have jurisdiction of the nonfinal order entered by *1007 the trial court in this cause and our review is sought by certiorari.
Respondent Matute-Chirinos was charged in Miami with first-degree premeditated murder or felony murder and aggravated child abuse of two-year-old Lesly Menendez. On February 11, 1997, a jury found respondent guilty as charged. On May 6, 1997, respondent's penalty-phase proceedings began. On May 9, 1997, the trial court initially determined that sufficient evidence existed to instruct the jury on the two aggravating factors of heinous, atrocious, or cruel (HAC)[1] and commission of a capital felony during a kidnapping.[2] Later in the May 9 proceedings, the court granted the defendant's motion for a mistrial on the ground of prosecutorial misconduct during cross-examination of a defense expert witness. Subsequently, the court announced it would reconsider its rulings denying the defense motions to preclude the two aggravating factors. The defense filed renewed motions to preclude jury instructions on the HAC and kidnapping factors on the ground that there was insufficient evidence to support these aggravators. At that time, the State announced that it would seek to prove the additional aggravating factor that the capital felony was committed during an aggravated child abuse.[3] The defense moved to preclude this instruction.
After a hearing on the defense motions, the trial court issued a written order on September 2, 1997, granting the defense motions as to the HAC and kidnapping aggravators, but denying the defense challenge to the instruction on the aggravated child abuse factor.
On October 3, 1997, the State filed a petition for common law certiorari in the Third District Court of Appeal, in which the State sought review of the trial court's order of September 2. The State requested that the Third District pass through to this Court jurisdiction of the petition, which involved capital sentencing issues, as was done in State v. Hootman, 709 So.2d 1357 (Fla.1998). The Third District granted the State's request, and this Court accepted jurisdiction.
We accepted jurisdiction in this case on the same basis that we accepted jurisdiction in Hootman, pursuant to Article V, section 3(b)(5) of the Florida Constitution. However, this case has caused us to reexamine our acceptance of jurisdiction in Hootman. Article V, section 3(b)(5) provides that this Court
[m]ay review any order or judgment of a trial court certified by the district court of appeal in which an appeal is pending to be of great public importance, or to have a great effect on the proper administration of justice throughout the state, and certified to require immediate resolution by the supreme court.
(Emphasis added.)
This provision does not give this Court jurisdiction to accept a certification by a district court except in cases in which an appeal is pending. Our appellate rules and our cases delineate the difference between appellate jurisdiction and common law certiorari. See Fla. R.App. P. 9.030(b);[4]Haines City Community Dev. v. Heggs, 658 So.2d 523, 525, 530 n. 3 (Fla.1995) (explaining the history of the common law writ of certiorari in Florida); State v. Pettis, 520 So.2d 250, 252 (Fla.1988) (distinguishing common law certiorari review from statutory appellate review). Thus, this constitutional provision does not provide this Court with jurisdiction to accept a case certified by the district court and pending in the district court, not on appeal but rather on a petition for a writ of certiorari.
Based upon this analysis, we conclude that our decision to accept jurisdiction in Hootman was erroneous. In this case, we discharge jurisdiction because this case was pending in the district court on petition for writ of certiorari, not on appeal, at the time it was certified by the district court.
Moreover, by this decision we clarify an apparent inconsistency between our acceptance *1008 of jurisdiction in Hootman and our discussion of jurisdiction in State v. Fourth District Court of Appeal, 697 So.2d 70, 71 (Fla.1997). We reiterate our statement in Fourth District Court of Appeal:
In order to clarify our position, we now hold that in addition to our appellate jurisdiction over sentences of death, we have exclusive jurisdiction to review all types of collateral proceedings in death penalty cases. This includes cases in which this Court has vacated a death sentence and remanded for further penalty proceedings. However, our jurisdiction does not include cases in which the death penalty is sought but not yet imposed, State v. Preston, 376 So.2d 3 (Fla.1979), or cases in which we have vacated both the conviction and sentence of death and remanded for a new trial.
Fourth District Court of Appeal, 697 So.2d at 71.
Accordingly, we will not accept jurisdiction, as we did in Hootman, in this case or similar cases. We discharge this case for lack of jurisdiction and remand to the district court for further proceedings.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] § 921.141(5)(h), Fla. Stat. (1995).
[2] § 921.141(5)(d), Fla. Stat. (1995).
[3] § 921.141(5)(d), Fla. Stat. (1995).
[4] Florida Rule of Appellate Procedure 9.030(b) sets forth for the district courts of appeal three separate types of jurisdiction: appeal, certiorari, and original.