CASANUEVA, Judge.
By petition for habeas corpus or, alternatively, mandamus, Charles Durden seeks tti challenge the conditions of his confinement at the Florida Civil Commitment Center (FCCC) in DeSoto County. Durden was found to be a sexual predator and was committed for treatment under the Jimmy Ryce Act. Because he has not alleged a sufficient case for relief, we deny the petition.
The order of commitment, entered by the circuit court iii the Fifteenth Judicial Circuit; in' and for Palm Beach County, placed Durden in the custody of the Department of Children and Family Services. The order stated that Durden “shall be segregated from patients who are not committed under the Act” as required by section 394.917(2), Florida Statutes (2000).
Durden alleges that he is not being kept segregated from patients who are not committed under the Act. Because of this alleged fact, Durden asserts that he is being illegally confined, thus entitling him to ha-beas relief. The State responds that on the face of his petition, Durden has failed to show entitlement to habeas relief because he has alleged no facts that would entitle him to release, the traditional remedy and focus of this writ. According to the State, Durden seeks to challenge the con *262 ditions of his confinement rather than the fact or duration of his confinement.
“The great writ of habeas corpus is a writ of right obtainable under our Constitution by all men who claim to be unlawfully imprisoned against their will. It is designed to test solely the legality of the prisoner’s imprisonment....” Sneed v. Mayo, 66 So.2d 865, 869 (Fla.1953). If the petitioner is “unlawfully deprived of his liberty and is illegally detained against his will,” he will be discharged from custody. 66 So.2d at 870. See also Cole v. State, 714 So.2d 479, 492 (Fla. 2d DCA 1998) (“A writ of habeas corpus may be employed to secure the release of a person who is being unlawfully, detained.”). Although Durden asserts that his confinement is “illegal” in that he is not segregated as required by statute, the remedy would be segregation, not discharge. Thus, Durden fails to make a prima facie case for habeas relief. Accordingly, we deny the petition for habeas corpus.
Alternatively, Durden seeks a writ of mandamus to compel the Department to keep him segregated. Because an eviden-tiary hearing would be required, Durden’s claim would more appropriately be heard by the circuit court, which is better equipped for fact-finding. See Harvard v. Singletary, 733 So.2d 1020 (Fla.1999). Therefore, we deny the petition for mandamus without prejudice to any right Durden may have to file for mandamus or other relief in the circuit court of the circuit where he is being detained.
Petition for habeas corpus denied; petition for mandamus denied without prejudice.
BLUE, A.C.J., and SILBERMAN, J., Concur.