PARIENTE, J.,
concurring.
I write to explain why I agree that we should not accept jurisdiction of this case in its present procedural posture and to help provide guidance to the district courts of appeal regarding our pass-through jurisdiction.[1] Although the jurisdiction of this Court may be broad enough to allow this Court to exercise jurisdiction over any case that the district court of appeal certifies to be of great public importance,[2] in *168 my view it would be unwise for this Court to do something it has virtually never done before, which is to accept jurisdiction over a non-final order in a case that is still being actively litigated in the trial court and for which there has been no intermediate appellate court decision.
Further, although the Fourth District opinion mentions two reported decisions where an appellate court has passed through a case to this Court without having rendered an opinion, in fact in one of the cases, Bismark v. State, 796 So.2d 584 (Fla. 2d DCA 2001), we declined to accept jurisdiction and remanded the case back to the appellate court. The other case, State v. Hootman, 697 So.2d 1259 (Fla. 2d DCA 1997), involved a death penalty issue within our exclusive jurisdiction. In a brief review of other cases decided by this Court involving the issue of citrus canker, I would note that our jurisdiction in only one of those cases was based upon pass-though jurisdiction, see Department of Agriculture and Consumer Services v. Polk, 568 So.2d 35, 37 (Fla.1990), and in that case, the trial court had entered a final judgment.
As the respondents stated in their response filed in the Fourth District to the request for certification of this Court:
There can be no doubt that the hearing below, and the resulting order addressed only a preliminary injunction[3] ... Now, more than five (5) weeks after the preliminary injunction was granted, the Department to speed things along, seeks expedited consideration and “bypass” certification. The Department’s primary argument for “bypass” certification is that the Department cannot tolerate any further delay caused by Appellants. If the Department truly wants to expedite final resolution, the parties should devote their immediate energies to preparing for an expeditious permanent injunction hearing. That would permit this Court, or the Florida Supreme Court if this Court determines it appropriate, to consider any alleged error from resolution of the actual merits.
Section 581.184, Florida Statutes enacted by the Legislature in 2002, is a complex statutory scheme. To take jurisdiction over a non-final order granting a temporary injunction, in a case that is still being litigated, in order to attempt to decide the constitutionality of a statutory scheme that has not yet been declared unconstitutional in a final order would involve us in a piecemeal approach to a multifaceted and complex issue.[4] This approach would also be inconsistent with our view that all issues, including those regarding statutory construction and constitutionality, should — where at all possible — first be finally litigated in the trial court and then initially reviewed by the appellate court.
In sum, this litigation in one form or another has been proceeding for over two years. The Fourth District is in as good, if not better, position to deal with these interlocutory orders and any incipient emergencies. If we eventually are called upon to adjudicate the constitutionality of section 581.184 or any related issues, our decision will be a more informed one because of that intermediate appellate re *169 view. For these reasons, I agree that we should decline to accept jurisdiction.
LEWIS, J., concurs.

. In its opinion in this case, the Fourth District Court of Appeal stated, "We do not have much in the way of guidance as to when and under what circumstances we should exercise our discretion ... to send a case immediately to the Supreme Court for resolution.” Florida Dep’t of Agriculture v. Haire, No. 4D02-2584,-So.2d-,-, 2002 WL 1465712 al *2 (Fla. 4th DCA July 9, 2002).

. See Art. V, § 3(b)(5), Fla. Const. ("[The Court may] review any order or judgment of a trial court certified by the district court of appeal in which an appeal is pending to be of great public importance, or to have a great effect on the proper administration of justice *168 throughout the state, and certified to require immediate resolution by the supreme court.”).

. The transcript of this hearing has not yet been filed and this Court only has a small portion of the record and pleadings from the trial court.

. The Fourth District has admitted that several constitutional issues involving the statutory scheme are not "ripe for review.” Florida Dep't of Agriculture v. Haire, No. 4D02-2584, - So.2d - at -, n. 2, 2002 WL 1465712 at *3, n. 2 (Fla. 4th DCA, July 9, 2002).