PER CURIAM.
Defendant appeals the circuit court’s order summarily denying his motion to clarify sentence. In 2000, Defendant was charged, inter alia, with first degree murder. Prior to his trial, the State waived the death penalty. In 2002, he was tried, convicted and sentenced to life in prison. In 2011 Defendant filed a motion styled “Motion to Clarify Sentence.” In that motion, Defendant asserts that, although the State waived the death penalty,
the Department of Corrections is denying the Defendant access to programs that can have a significant impact on my character in a very positive way. Under the Department of Correction propose^] rule, if it was recommended by a jury that you receive the death penalty, then you cannot participate in re-entry programs.
Defendant’s motion sought an order from the circuit court “clarifying” that the State waived the death penalty, thereby (presumably) satisfying the Department of Corrections that the jury did not recommend that the Defendant receive the death penalty.
We need not address the merits of the defendant’s motion, or his claim regarding the Department of Corrections’ proposed rule, because Defendant’s motion did not in fact seek to clarify or correct his sentence.[1] Rather, the motion sought administrative relief regarding access to programs to which Defendant believes he was improperly denied by the Department of Corrections. Defendant must first exhaust his administrative remedies before he may seek judicial review of this claim. See, e.g., Sutton v. Strickland, 485 So.2d 25 (Fla. 1st DCA 1986); Griggs v. Wainwright, 473 So.2d 49 (Fla. 1st DCA 1985); Williams v. Wainwright, 428 So.2d 725 (Fla. 1st DCA 1983). We express no opinion on the underlying merits of Defendant’s claim.
Affirmed without prejudice to Defendant’s right to seek administrative remedies.

. The term "sentence” is defined as “the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty.” Fla. R.Crim. P. 3.700(a).